USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 09/30/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAEVON RAYMONE LYONS,

                      Plaintiff,

           v.

NEW YORK STATE PAROLE OFFICER
WILLIAM DAVIS, SHIELD # 1321; NEW
YORK STATE PAROLE OFFICER OTIS
CRUZ, SHIELD # 1859; NEW YORK STATE
PAROLE OFFICER ARNOLD HAMILTON,
SHIELD # 2396; NEW YORK STATE
SENIOR PAROLE OFFICER RICHARD
ROSADO; ACTING COMMISSIONER
ANTHONY J. ANNUCCI OF NEW YORK
STATE DEPARTMENT OF COMMUNITY
CORRECTIONS AND COMMUNITY
SUPERVISION; and NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION (all sued in
their individual and official capacities),

                      Defendants.

---

No. 17-CV-4504 (RA)

OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

       Plaintiff Daevon Lyons, proceeding *pro se*, brings this action against Defendants pursuant

to 42 U.S.C. § 1983 alleging false arrest and malicious prosecution, as well as various violations

of state law, related to the revocation of his parole. Before the Court is Defendants' motion to

dismiss the Complaint pursuant to Rules 12(b)(1) and (6). For the reasons set forth below,

Defendants' motion is granted.

## BACKGROUND[1]

Pursuant to the conditions of his parole, Plaintiff was required to wear a GPS monitoring device beginning in June of 2013. Compl. ¶ 18, ECF No. 1. Defendant Parole Officer Hamilton secured the monitor to Plaintiff's person. Compl. ¶ 22. Plaintiff was required to wear the monitor at all times and was not permitted to remove or tamper with it. Compl. ¶¶ 18, 25.

On the evening of March 28, 2014, Plaintiff's bracelet became detached. Compl. ¶ 30. Plaintiff called Defendant Davis, his parole officer, but the call went to voicemail. Compl. ¶¶ 31–32. Plaintiff then called the parole office and was told to report on Monday, March 31. Compl. ¶ 34. That Sunday, March 30, Davis conducted a curfew check, at which time Plaintiff informed him of the broken monitor. Compl. ¶¶ 36–37.

Plaintiff now claims that he told Davis only that the monitor had fallen off when it collided with a large object on Dykman Avenue, occurring in view of a security camera. Compl. ¶ 36. The testimony at the preliminary revocation hearing, however, was that he gave two versions of events: one where a large object hit the GPS monitor while he was walking on Dykman Avenue and the other where it was knocked off by a weight at the gym. Ex. A at 11:2–7. As noted by the ALJ, "Mr. Lyons argued that he did not initially tell the officers the correct and full story of what happened to the unit, as he was afraid that he would be ordered not to go to his health club anymore." ALJ Dec. at 3. An entry in parole records from March 31, furthermore, indicates that

---

[1] These facts are drawn largely from the Complaint and are construed in a light most favorable to Plaintiff. *See Novio v. N.Y. Acad. of Art*, 317 F. Supp. 3d 803, 806 (S.D.N.Y. 2018). The Court also considers the transcripts of both the preliminary and final parole revocation hearings, as well as the decision of the Administrative Law Judge ("ALJ"), because they are "documents appended to the complaint or incorporated in the complaint by reference." *Solar v. Annetts*, 707 F. Supp. 2d 437, 440 (S.D.N.Y. 2010) (citation omitted); *accord Foster v. Diop*, No. 11-CV-4731, 2013 WL 1339408, at *4 n.5 (E.D.N.Y. Mar. 31, 2013). Courts may also take judicial notice of official records of administrative proceedings. *See Preston v. New York*, 223 F. Supp. 2d 452, 461–62 (S.D.N.Y. 2002), *aff'd sub nom. Preston v. Quinn*, 87 F. App'x 221 (2d Cir. 2004).

Plaintiff gave yet a third account of what transpired: the monitor fell off while he was at a construction site. Dec. at 3.[2]

On April 1, 2014, Davis called to instruct Plaintiff that he should come to the office the following day to provide a written statement. Compl. ¶ 38. The next day, a parole warrant was issued and Plaintiff was taken into custody. Compl. ¶¶ 39–40. A preliminary parole revocation hearing was held on April 14, 2014, after which the hearing officer found probable cause to revoke Plaintiff's parole. Compl. ¶ 52.

Plaintiff's final parole revocation hearing took place over four separate days in May and June of 2014 with testimony by Defendants Davis, Hamilton and Cruse. Davis testified in a manner consistent with his testimony at the preliminary hearing, noting the multiple accounts of how the GPS monitor was broken. MTD, Ex. C, at 20:4–25:19, 28:1–24, ECF No. 16-3. Davis also asserted that he was not trained regarding GPS units. Ex C. at 31:4–6. Hamilton testified that he was trained in the installation, tracking, and logistics of GPS monitoring devices. MTD, Ex. D, at 38:11–39:18, ECF No. 16-4. In his seven years of installing devices, he said, he had never encountered a situation where a GPS monitor simply fell off. Ex. D at 31:7–24. Hamilton spoke about how he had installed the GPS monitor on Plaintiff in June of 2013, at which time he reviewed the instructions concerning what Plaintiff was and was not permitted to do. Ex. D at 16:9–21, 26:17–27:19. Cruse testified that he handled the maintenance of GPS monitoring devices. Ex. D at 77:3–5. He received an alert on March 25, 2014 that a tamper had occurred on March 20th. Ex.

---

[2] In the Complaint, Plaintiff avers that he never informed officers that the incident occurred at a construction site. Compl. ¶ 12. This assertion, however, is contradicted by a reference in the ALJ's decision to record evidence documenting that Plaintiff had in fact provided that explanation, *see* Dec. at 3, which, as previously noted, Plaintiff attached to the Complaint. The Court accordingly disregards his denial. *See Poindexter v. EMI Record Group Inc.*, No. 11-CV-559 (LTS) (JLC), 2012 WL 1027639, at *2 (S.D.N.Y. Mar. 27, 2012) ("If a document relied on in the complaint contradicts allegations in the complaint, the document, not the allegations, controls, and the court need not accept the allegations in the complaint as true."). True or not, Plaintiff indisputably gave at least two different explanations for how his bracelet became removed.

D at 81:21–82:1. Cruse similarly received a report from a monitor tracking company, Satellite of Tracking People LLC, after Plaintiff's parole revocation, but the report was rejected by the ALJ for failure to produce the author. MTD, Ex. E, at 9, ECF No. 16-5.

In a decision dated June 11, 2014, the ALJ found that the government failed to establish its case by a preponderance of the evidence. Dec. at 3. The court initially noted that Plaintiff dismissed his counsel in the midst of proceedings and that his counsel was unable to obtain purported video evidence from the gym because no such video was available. Dec. at 1. The court further acknowledged that Plaintiff provided several versions of the incident leading to the break and he was not initially truthful with his parole officer. Dec. at 2–3. Nonetheless, the court concluded that the government did not carry its burden of proof in demonstrating that plaintiff tampered with the GPS monitor and rejected its reliance on what the court described as a *res ipsa loquitur* theory. Dec. at 2–3.

## PROCEDURAL HISTORY

Plaintiff commenced this action on June 9, 2017, alleging that there was an insufficient basis for Defendants to take him into custody and keep him in detention, as evidenced by the ALJ's decision. ECF No. 1. The Court dismissed the claims against Anthony Annucci and DOCCS, while requesting the Clerk of Court to issue summonses to the remaining Defendants. ECF No. 3. The instant motion to dismiss was filed on November 30, 2017. ECF No. 15.

## LEGAL STANDARD

"To survive a motion to dismiss [pursuant to Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Id.*  In considering a motion to dismiss, "the court is to accept as true all facts alleged in the complaint . . . [and] draw all reasonable inferences in favor of the plaintiff." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007) (citation omitted). "Where, as here, the complaint was filed *pro se*, it must be construed liberally to raise the strongest arguments it suggests.  Nonetheless, a *pro se* complaint must state a plausible claim for relief." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (alterations and citations omitted).

A district court should also dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) when it lacks the statutory or constitutional authority to adjudicate it.  *See Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d Cir. 2011) (citation omitted).  The court should take all facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor, but the plaintiff has the burden of proving by a preponderance of the evidence that jurisdiction exists. *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citations omitted).

## DISCUSSION

### I.    False Arrest and Imprisonment

The elements of a § 1983 claim for either false arrest or imprisonment are as follows: (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement and (4) the confinement was not "otherwise privileged." *Albergottie v. New York City*, No. 08-CV-8331 (SHS), 2011 WL 519296, at *8 (S.D.N.Y. Feb. 5, 2011).  The existence of probable cause is a complete defense. *Jenkins v. City of New York,* 478 F.3d 76, 84 (2d Cir. 2008).

"[P]robable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of

reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Weyant v. Okst,* 101 F.3d 845, 852 (2d Cir. 1996). "Probable cause is to be assessed on an objective basis." *Zellner v. Summerlin,* 494 F.3d 344, 369 (2d Cir. 2007).

When the warrant is for the retaking and temporary detention of a parolee prior to a preliminary revocation hearing, however, a lower "reasonable cause" standard applies. *See Alvarado v. City of New York,* 482 F. Supp. 2d 332, 337 (S.D.N.Y. 2007). Courts rely on the standard stated in 9 NYCRRR § 8004.2(c), which provides:

> A warrant for retaking and temporary detention may issue when there is a reasonable cause to believe that the releasee has lapsed into criminal ways or company, or has violated the conditions of his release in an important respect. Reasonable cause exists when evidence or information which appears reliable discloses facts or circumstances that would convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that a release has committed the acts in question or has lapsed into criminal ways or company.

*See also Alvarado,* 482 F. Supp. 2d at 337. This is because parolees "are subject to restrictions not applicable to other citizens," and "enjoy[] only conditional liberty properly dependent on observance of special parole restrictions." *Trisvan v. Annucci,* No. 14-CV-6016, 2016 WL 7335609, at *3 (E.D.N.Y. Dec. 16, 2016) (citation omitted).

Here, Plaintiff's claims fail because his detention was at all times justified. With respect to his initial arrest and detention prior to the preliminary hearing, there was reasonable cause to believe he had violated the terms of his parole, which requires the dismissal of any claim for false arrest or imprisonment related to that period. *See Albergottie,* 2011 WL 519296, at *8. At the time of that initial decision to detain him, Defendants had the following information: Plaintiff's ankle bracelet had become removed and he had given multiple, inconsistent explanations as to how. On this basis, there was reasonable cause to believe that Plaintiff had violated the terms of his parole by removing or tampering with the bracelet. *See* 9 NYCRR § 8004.2(c); *see also United States v. Wilson,* 699 F.3d 235, 246 (2d Cir. 2012) (probable cause when defendant, among other

things, lied about his point of crossing and admitted to lying); *Lawrence v. City Cadillac*, No. 10-CV-3324 (PKC), 2010 WL 5174209, at *7 (S.D.N.Y. Dec. 9, 2010) (probable cause does not require evidence proving every element necessary for a conviction); *People v. Barksdale*, 110 A.D.3d 498, 499 (1st Dep't 2013) (probable cause to arrest for criminal trespass when defendant acknowledged that he did not live in the building and claimed to be visiting a friend but could not provide a name or apartment number). Even putting aside Plaintiff's varied explanations, there was a sufficient basis to detain him in light of how difficult it is to remove GPS monitors like the one that was affixed to his leg. Ex. D at 31:7–24. Plaintiff was thus properly taken into custody pursuant to a parole warrant. *See Albergottie*, 2011 WL 519296, at *8 ("A parole warrant supported by reasonable cause is sufficient to privilege the arrest and confinement even if the parole warrant is later declared invalid.").

As for his detention after the preliminary hearing, the finding at that hearing that probable cause existed is fatal to any claim for false arrest or imprisonment asserted by Plaintiff. *See Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2014); *Albergottie*, 2011 WL 519296, at *8; *see also* 9 NYCRRR § 8005.7(a)(3) ("[T]he standard of proof at the preliminary hearing shall be probable cause to believe that the release has violated one or more of the conditions of his release in an important respect.").

In his Complaint, Plaintiff asserts that at the preliminary hearing, officers withheld crucial information, namely that they had not received a tamper alert from the GPS monitoring service with respect to this incident and that Davis had allegedly pulled on the monitor the day before it fell off. Compl. ¶ 13. Even accepting these contentions as true, however, there still existed probable cause in light of the other information then in the officers' possession. There is no indication that the absence of a tamper alert demonstrates with any degree of certainty that the

7

monitor was not tampered with on the evening in question.  Furthermore, Plaintiff's conclusory allegations that the officers falsified evidence and committed perjury are insufficient to survive a motion to dismiss, *see Kucharczyk v. Westchester County.*, 95 F. Supp. 3d 529, 540 (S.D.N.Y. 2015), and no such finding was made by the ALJ, *see generally* Dec.

Lastly, Plaintiff's conclusory allegations of officer malfeasance aside, his claims must also be dismissed because the finding of probable cause at the preliminary hearing collaterally estops him from now litigating this issue, as Plaintiff was represented by counsel and afforded a full and fair opportunity to litigate it. *See Felix v. N.Y. State Dep't of Corr. & Cmty. Supervision*, No. 16-CV-7978 (CS), 2018 WL 3542859, at *7 (S.D.N.Y. July 23, 2018) (collecting cases) ("Courts have accorded preclusive effect to probable cause determinations made at preliminary revocation hearings.").

## II.    Malicious Prosecution

Defendants are also entitled to the dismissal of Plaintiff's malicious prosecution claims.  To prevail on such a claim under Section 1983, "a plaintiff must show a violation of his rights under the Fourth Amendment and must establish the elements of a malicious prosecution claim under state law." *Manganiello v. City of New York*, 612 F.3d 149, 160–61 (2d Cir. 2010) (citations omitted). Under New York law, these elements are: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Russell v. Smith*, 68 F.3d 33, 36 (2d Cir. 1995).  As the third element suggests, "the existence of probable cause is a complete defense to a claim of malicious prosecution." *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003).  Nevertheless, "even when probable cause is present at the time of arrest, evidence could later surface which would

eliminate that probable cause. In order for probable cause to dissipate, the groundless nature of the charges must be made apparent by the discovery of some intervening fact." *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 571 (2d Cir. 1996) (citations omitted).

The Court has already detailed why there existed reasonable suspicion with respect to the initial arrest of Plaintiff, as well as the preliminary hearing officer's finding that probable cause existed to justify his continued detention. There is no basis to conclude that any intervening events or new information operated to dissipate that probable cause and accordingly Plaintiff's malicious prosecution claims must also be dismissed. *See Betts*, 751 F.3d at 82("[C]ontinuing probable cause is a complete defense to a constitutional claim of malicious prosecution."); *Albergottie*, 2011 WL 519296, at *8; *Gathers v. White*, No. 04-CV-5454 (JG), 2007 WL 446755, at *4–5 (E.D.N.Y. Feb. 8, 2007), *aff'd sub nom. Gathers v. Burdick*, 308 F. App'x 525 (2d Cir. 2009) (dismissing malicious prosecution claim since there "was probable cause for the arrest, and the same probable cause remained during the preliminary hearing that took place less than two weeks later. In fact, the hearing officer at that preliminary hearing concluded that there was probable cause for the arrest. The later dismissal of the violation charges did not alter the fact that there was probable cause for the arrest and prosecution.").

## III.   Conspiracy Liability

Plaintiff's conspiracy claim similarly fails because the court has dismissed all of his underlying section 1983 claims. *See Fobbs v. City of New York*, 2017 WL 2656207, at *7 (S.D.N.Y. June 19, 2017); *Singer*, 63 F.3d at 119 (2d Cir. 1995) (plaintiffs alleging a section 1983 conspiracy must also prove an actual violation of constitutional rights).

### IV.    State Law Claims

Finally, Plaintiff's remaining state law claims are also dismissed because the Court lacks subject matter jurisdiction by virtue of Section 24 of the New York Correction Law which designates the New York State Court of Claims as the only venue for maintaining an action against employees of DOCS. *See Barker v. Smith*, No. 16-CV-76 (NSR), 2017 WL 3701495, at *7-8 (S.D.N.Y. Aug. 25, 2017).   Plaintiff argues that *Haywood v. Drown*, 556 U.S. 729 (2009), precludes Section 24 from depriving this Court of pendent jurisdiction over his analogous state claims. Defendants rightly note, however, that Plaintiff misconstrues *Haywood*. That case stands only for the uncontroversial proposition that a state may not selectively divest its own courts of jurisdiction to hear claims arising under federal law, which runs afoul of the Supremacy Clause. *Id.* at 740–41.   Indeed, the very argument now advanced by Plaintiff has been soundly rejected by courts in this district. *See Hassell v. Fischer*, 96 F. Supp. 3d 370, 385 n.14 (2015) ("[*Haywood*] does not, however, prevent New York Correction Law § 24 from stripping New York state courts of jurisdiction over a plaintiff's analogous *state law* claims against DOCS officials. Thus, the Second Circuit's holding in *Baker v. Coughlin*—that federal courts cannot exercise pendent jurisdiction over state law claims that a plaintiff could not bring in state court—is unaffected by the *Haywood* decision." (emphasis in original)).   Accordingly, these claims are also dismissed.

### CONCLUSION

For the foregoing reasons, Defendants' motion is granted.   The Court need not reach Defendants' various other bases for dismissal.   The Court has been mindful of Plaintiff's *pro se* status.   Nonetheless, these claims are dismissed with prejudice because any amendment would be futile. *See Singh v. New York City Dist. Council of Carpenters Benefit Funds*, No. 17-CV-7159

(VSB), 2018 WL 4335511, at *4 (S.D.N.Y. Sept. 11, 2018).  The Clerk of Court is respectfully directed to terminate the motion pending at docket entry fifteen and to close the case.

SO ORDERED.

Dated:     September 30, 2018
           New York, New York

Ronnie Abrams
United States District Judge